## OWEN v. ALFORD et al.

### (Circuit Court of Appeals, Fifth Circuit.   May 8, 1916.)

### No. 2872.

INJUNCTION ⬿118(1)—SUBJECTS OF RELIEF—ACTIONS AT LAW.

A bill in equity by receiver of railroad to restrain defendants from prosecuting actions at law for damages caused by the overflow, during times of excessive rains, of their respective lands, due to a fill or embankment erected by the railroad, alleging that the natural flowage of water in the bed of the stream has not been obstructed, and that plaintiff does not know of any negligence in the construction or maintenance of the roadbed, and failing to show that the plaintiffs in the actions at law have not good causes of action, is properly dismissed.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–232, 234; Dec. Dig. ⬿118(1).]

Appeal from the District Court of the United States for the Northern District of Mississippi; Henry C. Niles, Judge.

Bill in equity by W. F. Owen, receiver of the New Orleans, Mobile & Chicago Railroad Company, against L. J. Alford and others. From a decree for defendants, plaintiff appeals. Modified and affirmed.

James N. Flowers, of Jackson, Miss., and Joseph C. Rich, of Mobile, Ala. (Flowers, Brown, Chambers & Cooper, of Jackson, Miss., on the brief), for appellant.

George J. Leftwich, of Aberdeen, Miss. (Adams, Dobbs & Pinson, of Ackerman, Miss., and Leftwich & Tubb, of Aberdeen, Miss., on the brief), for appellees.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

WALKER, Circuit Judge. This is an appeal from a decree dismissing a bill in equity filed by the appellant, suing as the receiver of the property of the New Orleans, Mobile & Chicago Railroad Company, against two individuals and a partnership, to restrain the defendants from prosecuting three certain actions at law which they severally had commenced against the railroad company before the receiver of its property was appointed, and to enjoin them from instituting other actions to recover damages caused by the overflow, during times of excessive rains, of their respective lands, due to a fill or embankment erected by the railroad company and maintained by it, and subsequently by the plaintiff as receiver, near a stream which runs by or through the several parcels of land of the three defendants. The bill, after averring the institution and pendency of the three suits, that every heavy rainfall furnishes a pretext for another claim for damages, and that the several defendants were preparing to bring other suits for further alleged damage attributed to the same cause, averred as follows:

"Your orator shows that the embankment is slight; that no natural water course has been obstructed; that the opening under the track where the said stream passes is several times larger than the bed of the stream; that the natural flowage of the water in the bed of the said stream has in no manner been obstructed; that the said stream is one with well-defined bed and banks; that the said railroad is trestled over the said stream and on the sides thereof, and a much larger opening is left than is necessary to accommodate the water in the bed of the said stream.

"Your orator further shows that he knows of no negligence in the construction of said roadbed or in the manner in which it is maintained; that he is willing now to make such change as may be necessary to make the maintenance and use of the said railroad lawful with respect to the rights of these defendants; that he does not know what is necessary to be done, or what would satisfy the law, or these defendants and other persons who may be interested east and west of the said line; that this issue as to the rightfulness of the said construction of the said line and of the maintenance of the same in its established condition lies at the root of the controversies now on and of those to be hereinafter instituted."

It seems that the dismissal of the bill would be sustainable under the rule that a bill of peace to prevent multiplicity of actions, where the parties are not numerous and before the rights of such parties have been established at law, is not maintainable, especially where the question of right is in litigation in another court of concurrent jurisdiction. Woodward v. Seely, 11 Ill. 157, 50 Am. Dec. 445; Eldridge v. Hill & Murray, 2 Johns. Ch. (N. Y.) 281; Pennsylvania Coal Co. v. Delaware & Hudson Canal Co., 31 N. Y. 91; Paterson & Hudson R. Co. v. Jersey City, 9 N. J. Eq. 434; Moses v. Mayor, etc., 52 Ala. 198; Orton v. Smith, 18 How. 263, 15 L. Ed. 393.

But the bill is open to the further criticism that its averments fail to show that the railroad company was within its rights in constructing and maintaining the fill or embankment as it did, or that either of the pending suits was unfounded, or that those alleged to be in contemplation would not be based upon good causes of action arising since the pending suits were brought. The averments above quoted, to the effect that the natural flowage of the water in the bed of the stream has not been obstructed, and that the plaintiff does not know of any negligence

in the construction of the roadbed or in the manner in which it is maintained, by no means show that the wrongs complained of in the pending suits were not committed, or that the roadbed as it was constructed and is maintained does not amount to an actionable nuisance, a continuation of which gives rise to a new cause of action whenever in times of excessive rain the lands of the defendants are subjected to destructive overflows due to the structure complained of. The absence of negligence in the construction and maintenance of the roadbed is not alleged, even upon information and belief. The plaintiff avers merely his ignorance of any negligence in that regard, without showing that he has such knowledge or information of the subject-matter referred to as would enable him to recognize negligence if it existed.

But one's use of his property may make it a nuisance to others, though there is no negligence. 29 Cyc. 1161. The bill discloses nothing which stands in the way of the conclusion that the suits at law which are pending and those which are alleged to be contemplated are all well founded on the fact that an actionable nuisance has been created and is continued to be maintained. A court of equity well may refuse to protect from the harassment of a number of suits one who alleges nothing inconsistent with the conclusion that wrongful conduct of himself or his privy makes justifiable the bringing of each of the suits sought to be enjoined. Turner v. City of Mobile, 135 Ala. 73, 33 South. 132; 1 Pomeroy's Equity Jur. § 250.

The decree appealed from is affirmed, except that it is so modified as to make the dismissal of the bill one without prejudice.

MAXEY, District Judge, concurs in the result.